SPENCER P. HUGRET (SBN: 240424)
shugret@grsm.com
KATHERINE P. VILCHEZ (SBN: 212179)
kvilchez@grsm.com
TRINA M. CLAYTON (SBN: 204215)
tclayton@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
Stanislaus, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH BASKINS, an individual,<br><br>                        Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY; A Delaware Corporation; DOES 1 through 10,<br><br>                        Defendants. | Case No.<br><br>**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446**<br><br><br>Complaint Filed: June 20, 2023<br>Removal:            August 10, 2023 |

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*Stanislaus, CA 94111*

# NOTICE OF REMOVAL

## TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant FORD MOTOR COMPANY ("Ford"), by its counsel GORDON REES SCULLY MANSUKHANI LLP, hereby removes to this court, pursuant to 28 U.S.C. §§§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. CV-23-003393 of the Superior Court of California, County of Stanislaus. In support of this removal, Ford states as follows:

## I. THE REMOVED CASE

1. This removed case is a civil action commenced in the Superior Court of California, County of Stanislaus, by Plaintiff SARAH BASKINS ("Plaintiff") against Ford, entitled *Sarah Baskins v. Ford Motor Company*, Stanislaus County Superior Court Case No. CV-23-003393 (the "State Action"). (*See* **Exh. A** to the Declaration of Trina M. Clayton ("Clayton Decl."), filed concurrently herewith.)

2. Plaintiff filed her State Action ("Complaint") on June 20, 2023, asserting against Ford, three causes of action for violation of the Song Beverly Act, including for breaches of express and implied warranty, as well as a claim for violation of Business and Professions Code section 17200, based on her purchase of a new 2020 Ford F-150, VIN: 1FTEWICPOLKD40406 ("Subject Vehicle").  Ford was the only named defendant in the Complaint. (*See* **Exh. A** *generally*, and Clayton Decl., ¶ 4).

3. As it has been less than one year since the commencement of this action, removal is proper under 28 U.S.C. § 1446(c)(1).

## II. PROCEDURAL REQUIREMENTS

4. Generally, a defendant has thirty (30) days from the date of service of a copy of the complaint to remove a case. 28 U.S.C. § 1446(b). However, if the case stated by the initial pleading is not removable, a defendant has thirty (30) days from the date of service or receipt of a copy of an amended pleading, motion, order or other

paper from which it may first be ascertained that the case is one which is or has become removable to remove a case. (28 U.S.C. § 1446(3).) Ford was served with a copy of the Complaint on June 26, 2023. (Clayton Decl., ¶ 5.) The Complaint does not contain any means of ascertaining the amount in controversy. (Clayton Decl., ¶6, **Exh. A** *generally*.)

5.    As of the date of service on Ford, this matter was not removable as the Complaint did not contain facts that gave rise to a "federal question" and, did not contain any means of ascertaining the amount in controversy for purposes of diversity jurisdiction. 28 U.S.C. § 1332. (*See* **Exh. A** to the Clayton Decl., ¶¶ 4, 6).

6.    On July 11, 2023, Ford received a copy of the Retail Installment Sales Contract ("RISC") for the Subject Vehicle from the selling dealership, Price Ford of Turlock..   (*See* Clayton Decl., Ⲣ 7, **Exhs. B and C.**)

7.    After obtaining the RISC, counsel for Ford was able to determine the purchase price of the Subject Vehicle and, accordingly, the amount in controversy. (*See* Clayton Decl., ¶9, **Exh. C.**)

8.    Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than 30 days from receipt of the RISC on July 11, 2023 has not elapsed.

9.    Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders for the State Action in Ford's possession are contained in **Exhs. A** and **E-I** to the Clayton Declaration, filed herewith.

10.    Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Eastern District of California because this district embraces the place where the State Action has been pending.

11.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Stanislaus, promptly after filing of same in this Court.

12.    Pursuant to 28 U.S.C. § 1446(d), written notice of filing this Notice of Removal will be given to all adverse parties promptly after filing the same in this

Court.

13.   If any question arises as to the propriety of the removal of this action, Ford requests the opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is appropriately removable.

14.   Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

## III.   THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

### A.   Plaintiff's Damages

16.   For diversity jurisdiction over a claim, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

17.   The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

18.   Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
Stanislaus, CA 94111

the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

19.     Ford disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, Ford can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

20.     In this products liability case, Plaintiff seeks monetary relief. Plaintiff alleges against Ford three causes of action for violation of the Song Beverly Act, including for breaches of express and implied warranty,. (*See* Clayton Decl., **Exh. A**.)

21.     Plaintiff additionally alleges she is entitled to relief under the Song-Beverly Act, including actual damages, all incidental and consequential damages, ***reasonable attorneys' fees and costs of suit, and a civil penalty in the amount of two times Plaintiff's actual damages.*** (*See* **Exh. A**, ¶¶ 25, 27-28, 34-35, 7-8 (*sic.*), and Prayer at p. 12:6-20.)

22.     The amount in controversy calculation includes civil penalties under the Song-Beverly Act. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002).

23.     The amount in controversy also includes reasonable estimates of attorney's fees. *Id.* at 1011; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
Stanislaus, CA 94111

DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
Stanislaus, CA 94111

(9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

24.     Moreover, where attorney's fees are recoverable, ***future fees, and not just fees incurred at the time of removal, are "at stake" in the litigation and should be included in the amount in controvers***y. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). (Emphasis added.)

25.     Pursuant to the RISC, the total amount paid (purchase price) for the Subject Vehicle was $47,671.15. (*See* Clayton Decl., ¶ 21.)

26.     If Plaintiff were to prevail on her Song-Beverly Act claims, she could be awarded damages well in excess of $75,000.00, as Plaintiff contends she is entitled to double civil penalties and attorney's fees. (*See* Clayton Decl., **Exh. A**, ¶¶ 27-28, 35, 7-8 (*sic.*), and Prayer at p. 12:12-14.)

27.      Plaintiff's actual damages of $47,671.15 (*i.e.*, the purchase price of the Subject Vehicle as outlined in the RISC) plus $95,342.30 as a double civil penalty pursuant to Civil Code Section 1794, brings the total amount in controversy to $143,013.45. (*See* Clayton Decl., ¶¶ 23 and **Exh. C**.)

**B.     Mileage Offset**

28.     Pursuant to the Song-Beverly Act, the manufacturer is entitled to deduct an offset for the time a plaintiff drove the vehicle trouble-free. Cal. Civ. Code § 1793.2(d)(2)(C). The mileage offset is calculated pursuant to a statutory formula, whereby the purchase price is multiplied by the mileage the vehicle was driven "prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity," and dividing this amount by 120,000.  Cal. Civ. Code § 1793.2. (*Id.*)

29.     Ford disputes that a "mileage offset" must be factored into the amount in controversy calculation. The amount in controversy is established by what a Plaintiff demands by way of his Complaint, not by any reductions that a defendant might achieve through its defenses. *See Geographic Expeditions, Inc. v. Estate of*

-5-

*Lhota ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) ("[I]f a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction"); *see also Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *3 (C.D. Cal. May 30, 2014) (relying on *Geographic Expeditions* to hold that "potential offsets are inapplicable to the amount-in-controversy exception").

30.     Assuming, arguendo, that the mileage offset should be considered, which Ford disputes, the offset for Plaintiff's Vehicle would still not cause the amount in controversy to be reduced to an amount less than $75,000.

31.     Repair Orders provided by Ford's affiliated dealership, Price Ford of Turlock, indicate the first presentation Plaintiff made for any alleged vehicle "nonconformity" was on was on April 2, 2020. The vehicle mileage at the time of this presentation was 2,898. (*See* Clayton Decl., ¶ 25, **Exh. D.**)  This is also the first presentation identified by Plaintiff in her Complaint. (*See* **Exh. A**, 2:23-28.)

32.     Pursuant to the RISC, the mileage of the Subject Vehicle at the time Plaintiff purchased the Subject Vehicle was 419.  (*See* **Exh. C**.)  Thus, Plaintiff drove the Subject Vehicle 2,479 miles before the first presentation for a vehicle nonconformity (2,898 – 419  = 2,479).

33.     Using the Song Beverly offset calculation, 2,479 miles, divided by 120,000 miles, and then multiplied by the purchase price of the Subject Vehicle ($47,671.15), obtains the offset figure of $984.81. Subtracting the offset amount from the total cost of the Subject Vehicle brings the amount of "actual" damages to $46,686.34 ($47,671.15 - $984.81 = $46,686.34). With Plaintiff's request for a two-time civil penalty ($93,372.68), the total amount of damages is **$140,059.02**.

34.     Ford notes that this amount is extremely conservative, as it does not take into account Plaintiff's claim for attorney's fees/costs or incidental and consequential damages.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
Stanislaus, CA 94111

35.     Thus, the total amount in controversy exceeds $75,000, and the amount in controversy requirement is satisfied. (*See* Clayton Decl., ¶¶ 25-29; Cal. Civ. Code § 1793.2(d)(2)(B)-(C); § 1794(c).).

## IV.  <u>DIVERSITY OF CITIZENSHIP EXISTS</u>

35.     For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, (9th Cir. 1983) 704 F.2d 1088*; see also LeBlanc v. Cleveland*, (2d Cir. 2001) 248 F.3d 95, 100. (citizenship determined at time lawsuit is filed); *Lundquist v. Precision Valley Aviation, Inc.*, (1st Cir. 1991) 946 F.2d 8, 10.) A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner-Lambert Clew & Moss*, (9th Cir. 1986) 797 F.2d 747, 749-50.

36.     While the Complaint intentionally does not state the place of residence for Plaintiff, the RISC indicates that at the time Plaintiff purchased the Subject Vehicle (February 15, 2020), she was residing in Turlock, California. (*See* **Exh. C**.)

37.     The Repair Orders from Price Ford of Turlock, dated from April 2, 2022 May 18, 2023, reflect that each time Plaintiff brought the Vehicle in for service, she was residing in Turlock, California. (*See* Clayton Decl., ¶13.)

38.     As such, Plaintiff is and was at all relevant times, a citizen and resident of the State of California. *Ervin v. Ballard Marine Constr., Inc.* (N.D.Cal. Aug. 11, 2016, No. 16-cv-02931-WHO) 2016 U.S.Dist. LEXIS 106507, at *8 [internal citations omitted] (Plaintiff's complaint stated only that he was a resident of Oregon, it made no statement about Plaintiff's citizenship.)  The Court found that for diversity purposes a Plaintiff is a citizen of the state in which they reside (in the absence of evidence to the contrary.

39.     Ford is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan. This Court can take judicial notice of these facts. (*See* Excerpt from Ford's 2018 Form 10-K filing, **Exhibit J** to Clayton Decl.; *see also*

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
Stanislaus, CA 94111

DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

1  Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and

2  readily determined from sources whose accuracy cannot reasonably be questioned.")

3      40.    Accordingly, complete diversity exists between Plaintiff and Ford.

## V. CONCLUSION

5      41.    Consequently, the State Action may be removed to this Court by Ford

6  in accordance with the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 because: (i)

7  this action is a civil action pending within the jurisdiction of the United States District

8  Court for the Eastern District of California, (ii) the action is between citizens of

9  different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of

10  interest and costs.

12  Dated: August 10, 2023                    Respectfully submitted,

13                              By:    /s/ Trina M. Clayton
                                       Spencer P. Hugret
14                                     Katherine P. Vilchez
                                       Trina M. Clayton
15                                     Attorneys for Defendant
                                       FORD MOTOR COMPANY
16

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
Stanislaus, CA 94111

-8-

DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446